Would you entertain a question before you get started? Because unless the answer to this question is satisfied, we don't have anything to do here this morning. I was going to address that immediately, Your Honor. As I understand it, jurisdiction is based on the citizenship of the LLC's members, and I don't know where jurisdiction has been established here. Maybe you could help me out. Well, first of all, we'd like to amend the allegations in the complaint to establish that the plaintiffs are citizens of Virginia. We don't amend them up here. That's the district judge's job. Okay. 28 U.S.C. 1653 allows – We can assume that that can happen. Tell us what the facts are. Well, the facts are that the plaintiffs in this case are all citizens of Virginia. That includes all of the owners of the LLC. Well, the plaintiffs are two corporations. Well, actually, one corporation, then there's a counterdefendant, which is also a corporation, and the two individual plaintiffs are all citizens of Virginia. Okay. The LLC that's in question is the defendant and also, as a subissue, the party that made application for confirmation of the arbitration award. It has come to our attention that some of those members may be citizens of Virginia. In my colleague's conversation with opposing counsel, opposing counsel has confirmed that, and therefore, there really is no diversity of jurisdiction. There never was, and therefore, no subject matter jurisdiction for the district court. That leaves just one conclusion, that this case has to be – the district court's orders have to be vacated and the case remanded for dismissal. I can go on with other arguments, but I think I'll let Mr. George say about that. You might as well. I don't know how my other colleagues feel about it. But in the federal system, you know, it's very strict on jurisdiction. It's like you're either pregnant or you're not pregnant. If you don't have power to do something, you don't have power to do something. And that's our position as well. Do you want to just pursue this later, or do you want to hear from the other side on the jurisdiction issue? Why don't you stop the clock at this point and hear from the other side on the jurisdictional issue, because if you're in agreement, we'll save some time. Morning, Your Honors. May it please the Court, Paul Georgis on behalf of the Respondents in this matter, and I think I can save you some time. My presentation in preparation for this argument changed dramatically last Thursday when we got the order to review Johnston and Mankin cases. And based on that, I have conducted some further legal and factual investigation. My factual investigation has led me to a determination that at least one member of Defendant Respondent Brit Worldwide, LLC, as of January 20, 2010, which was the date the complaint was filed in this matter, and also as of June of 2010, which was the date that the application for enforcement was made, was, in fact, a citizen of the State of Virginia for purposes of the analysis under Section 1332 in diversity jurisdiction. And so I can represent as an officer of the Court that one of those members was, in fact, a citizen of Virginia at that time, and based on that analysis, there is no diversity jurisdiction because we have plaintiffs and appellants who were all citizens of Virginia. There's some question in the record based on the allegations of residing in Virginia for the individuals, but nonetheless, for purposes of the corporate plaintiff, it's clear that it's a citizen of Virginia, and we have a situation that we have confirmed within the last week that at least one of the Defendant Limited Liability Company of Brit Worldwide, LLC, is a citizen of Virginia, and therefore, I do not believe we have diversity jurisdiction. In California, LLCs are usually partnerships, and one looks through the LLC for purposes of who the real party is. I don't know what it's like in Virginia, but I would imagine it's the same. An LLC does not have a separate corporate identity. It depends on the identity of the person or persons who own it, and what you're telling me is that one of the owners of Brit Worldwide, LLC, is indeed a citizen of Virginia. Yes, Your Honor, and the LLC is actually Nevada, LLC, and I do, with respect to the Court, disagree with the conclusion in the Johnson case. I think LLCs, as a practical matter and in the business world, are more akin to corporations than partnerships. However, the Johnson case and all the other cases that have addressed it, and I tried to find some argument to proceed to the contrary, but my research indicates that all the courts that have considered this issue have deemed LLCs to be more like partnerships and to be treated as partnerships as opposed to corporations. In your view, what position should we take in the Court? Would we vacate the judgment of the district court and send it down for dismissal for lack of subject matter jurisdiction? Your Honors, the only question I had in my mind is, other than my representation of the fact of the one member of Brit Worldwide being a citizen of Virginia, I didn't know if this Court would like further documentation, for instance, a filing or an affidavit or, I think at that point, this Court can dispose of the case or potentially remand it to the district court. We certainly don't want to prolong the procedure and waste anybody else's time or the Court's time, so. No, we can remand for the district court to consider and take whatever evidence is necessary, and if you find out some reason why we have jurisdiction, we can reconstitute the panel if we can convince our colleague to make another trip to beautiful, rainy San Francisco. So that can be done depending upon the speed with which it's done in a district court, but I suspect you're right that we would vacate the judgment, remand for consideration of whether there is subject matter jurisdiction. If by some quirk of fate the law changes or you find out some reason why it's otherwise, the judge could immediately restate the judgment. It could be sent up here. In the meantime, we could order that all the records remain on file until we hear further. That's fine, Your Honor. And I would note that the March 8th order at least indirectly asked us to look at subject matter jurisdiction, and I have extensively researched the facts of the law on that issue, and I do not see any basis for subject matter jurisdiction either with the original Mr. Georgeson, suppose the plaintiffs in this case were to dismiss without prejudice Brit Worldwide LLC, the only Virginia citizen, right? Wouldn't diversity exist in that case? I believe so, Your Honor, because there is another LLC as a defendant, Trinity Educational Services. I would need to – we have not looked – I have not looked at whether there are any members of Trinity. This whole issue is best handled by the district court. Thank you. All right. Well, I think that takes care of today's argument. Unfortunately, I believe so. I would have loved to argue the merits on the case, but it doesn't look like we get there. Yeah. It was a good case to hear. There's nothing important to it. Thank you, Your Honors. Thank you very much. The case of the – May I just point the Court's attention to Grupo Dataflux v. Atlas? Say that again. Grupo Dataflux v. Atlas, 541 U.S., 567, 2004. I believe that disposes of your question, Judge B, about dismissing the member from Brit Worldwide and therefore reestablishing jurisdiction. I don't think that will correct this case. Oh, okay. Under the Grupo case. Okay. Well, I suspect that the district judge on the next go-around will give thoughtful consideration to jurisdiction before a good deal of time is put in on it. I think we all will under the Johnson case, Your Honor. It'll be nice. I did enjoy reading all these briefs, but there were other briefs I could have read, I suspect. Thank you for working with us.
judges: Bennett, Wallace, Bea